UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**In re:**

| | |
|---|---|
| **All-City Towing LLC,** | **Case No.: 26-20523** |
| **Bret's Towing LLC,** | **Case No.: 26-20524** |
| **ACT RE LLC,** | **Case No.: 26-20525** |
| **Bret's RE LLC,** | **Case No.: 26-20526** |
| **OMS Properties LLC,** | **Case No.: 26-20527** |
| **5408 S 13th LLC,** | **Case No.: 26-20528** |
| **5414 S 13th LLC,** | **Case No.: 26-20529** |
| **Daddy Jeff LLC,** | **Case No.: 26-20530** |
| **Mactire Services LLC,** | **Case No.: 26-20531** |
| **Jeffrey Piller and Candice Brecht,** | **Case No.: 26-20532** |
| **Debtors.** | **Chapter 11 Proceedings** |

**MOTION FOR JOINT ADMINISTRATION**

All-City Towing, LLC ("All-City"), together with Bret's Towing LLC ("Bret's Towing"), ACT RE LLC ("ATC RE"), Bret's RE LLC ("Bret's RE"), OMS Properties LLC ("OMS"), 5408 S 13th LLC ("5408"), 5414 S 13th LLC ("5414"), Daddy Jeff LLC ("Daddy Jeff"), Mactire Services LLC ("Mactire Services"), and Jeffrey Piller ("Piller") and Candice Brecht (together with Piller "Individual Debtors") (collectively, All-City, Bret's Towing, ATC RE, Bret's RE, OMS, 5408, 5414, DJ, Mactire Services, Individual Debtors, referred to as the "Debtors"), move, under Fed. R. Bankr. P. 1015(b), for joint administration of their chapter 11 cases.[1] The motions are supported by the Declaration of Jeffrey Piller which is being filed concurrently with the motions

---

[1] This motion for joint administration has been filed in each of the cases. At the time this motion was filed, the Court had not granted it. The caption showing all related debtors is being used to alert parties-in-interest that the identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion

and provides the factual support for them. In support of each of their respective motions, each Debtor state as follows:

## Jurisdiction

1. The Debtors each filed or are in the process of filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 1, 2026 (the "Petition Date"). Orders for relief were, or expected to be, entered on the same day.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to 157(a).

3. This matter is a core proceeding under 28 U.S.C. § 157(b)(1). It concerns the administration of the Debtors' estates pursuant to 28 U.S.C. § 157(b)(2)(A).

## Background Facts

4. On February 1, 2011, Piller purchased All-City's business. At that time, All-City consisted of a single tow truck and approximately twelve customers. Piller purchased the tow truck and trade name for $45,000.

5. Over the next several years, All-City grew its business organically and through various acquisitions of local competitors

6. In July 2023, Piller formed Bret's Towing to purchase Bret's Towing and Auto Repair business located in Sheboygan. The purchase included the trade name, seven vehicles, equipment, tools, business operations, and real estate including an impound storage facility. Bret's RE holds the purchased real estate.

7. As of January 1, 2025, All-City and its affiliates employed approximately 85 employees and annual gross revenue of approximately $11.5 million.

8. Collectively, the Debtors operate auto repair shops and twenty-four-hour light-duty

and heavy-duty towing, and transportation services in and around Milwaukee and Sheboygan, Wisconsin.

9. All-City owns all the tow trucks and car carriers used in the towing and transportation business. All-City employs all the employees for the Debtors. Bret's Towing leases vehicles from All-City and reimburses for payroll.

10. All-City operates out of two locations, its main office is located at 1213 W Mallory Ave., Milwaukee, WI. All-City operates a second location in Grafton, WI. The main office is owned by OMS. The Grafton office is owned by ACT RE.

11. In addition to the operating locations, the Debtors own several properties leased to third-parties. Daddy Jeff owns commercial real estate located at 1711-1719 S 83rd St., West Allis, WI. The property was purchased as a possible secondary local office for All-City. It is currently occupied by a tenant and is profitable.

12. Bret's RE owns commercial property located at 2209 S Business Dr., Sheboygan, WI. The property was acquired in anticipation of a possible expansion of Bret's Towing. Both 5408 and 5414 own single-family homes. The homes border All-City's main office and were acquired to avoid complaints from residents.

13. Mactire Services oversees the management of the Debtors' real estate. It is responsible for such things as leasing with third-parties, collecting rent, paying taxes, and property insurance. It is an extension of the operations of All-City and Bret's Towing.

14. As a result of these relationships, All-City, Bret's Towing, and Mactire have booked receivables or payables from one another; however, these are accounting entries and do not reflect loans or debts. The entries are done as a management tool to gauge profitability and following advice from the Debtors' accountant.

3

Case 26-20532-rmb    Doc 5    Filed 02/01/26    Page 3 of 6

15. Collectively, the corporate Debtors operate as a single business enterprise in the auto repair, towing, and transportation industry, with each performing a function that is interrelated with those of the others.

**Legal Basis for Relief**

16. Bankruptcy Rule 1015(b) provides for the joint administration of estates where two or more petitions are pending in the same court by or against a debtor and an "affiliate," which is defined by § 101(2) as a(n):

> (a) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

17. Some courts have held that the intent of Rule 1015 "is to cover those situations where the joint administration of related entities is appropriate and just." *See e.g. In re Dececco*, 224 B.R. 202, 204 (Bankr. M.D. Fla. 1998). Other courts have taken a more conservative approach, stating that the term affiliate should not be used so loosely. *See In re Feltman*, 285 B.R. 82, 84 (Bankr. D.C. 2002). In either instance, joint administration is appropriate in the Debtors' cases.

18. The Debtors are "affiliates" of each other as that term is defined in § 101(2). Piller is the sole owner of the corporate Debtors. Because Piller is an "entity" that owns and controls at least 20 percent of the voting shares of the corporate Debtors, they are affiliates as that term is defined in the Code. *See* § 101(2)(B).

19. Management of the Debtors is the same.

20. Before joint administration can be ordered, the court considers the protection needed for the creditors of different estates against potential conflicts of interest. *See* Rule 1015(b). If an actual conflict arises, the Debtors will seek to employ a special conflicts counsel to represent the affiliated debtors where actual conflicts may exist.

4

Case 26-20532-rmb    Doc 5    Filed 02/01/26    Page 4 of 6

21. At this time, the Debtors do not believe any actual conflicts exist and believe retaining additional attorneys would not be cost effective. Rather, retaining special counsel at this time would needlessly burden the estates with additional administrative expenses which would only serve to reduce available funds to pay creditors. The purpose of this motion is to ease the administrative burden of these cases for the Court and those involved. ***The Debtors are not, at this time, seeking any type of substantive consolidation;*** therefore the estates of each Debtor will remain isolated.

22. Lastly, Rule 2002 provides that the Court may establish the form of notices served in the Debtors' cases. *See* Fed. R. Bankr. P. 2002(m). To streamline the administration of these cases and provide consistent noticing procedures after any joint administration order is entered, the Debtors request the Court determine the appropriate caption for the cases and order that all filings, including monthly operating reports for each Debtor, be filed in the main case All-City Towing LLC. The suggested format for the caption is attached as Exhibit A.

**Joint Administration is Justified**

23. The Debtors all have cases pending in this Court. They all filed their cases or requested relief under chapter 11 of the Bankruptcy Code on the Petition Date. The Debtors' bankruptcy estates are inter-related and inter-dependent as shown above and as follows:

    (a) *The Activities of the Debtors are Intertwined*. The Debtors are interrelated through their ownership structures. The Debtors are all owned by Jeff Piller.

    (b) *The Success of the Chapter 11 Cases Depends on Each Other*. The estates rely on each other to maximize payments to creditors.

    (c) *The Debts are related to the Intertwined Business Entities.* All debts of the corporate Debtors are related to the business operations. Piller is a guarantor of many, if not all, of

the same obligations. Other Debtors are co-debtors or guaranteed obligations of other Debtors. As a result, the bulk of the issues that will arise over the course of the bankruptcies will center on these business debts.

24. The Debtors anticipate the notices, applications, motions, pleadings, hearings, and orders will affect each of the Debtors similarly. If these cases are not jointly administered, the result would be numerous duplicative filings served upon separate service lists (oftentimes to the same creditor multiple times). This would unnecessarily overburden the Court, the Bankruptcy Clerk, and the Debtors. Therefore, joint administration is appropriate under the Bankruptcy Rules.

25. The Debtors do not presently propose substantive consolidation. The Debtors will keep the financial records separate for all bankruptcy estates. Nothing will be done to change the structure of the liens against any estate without an order after adequate notice. Because this is not a motion for substantive consolidation, the rights of parties in interest will not be prejudiced.

**Conclusion**

Wherefore, for the reasons stated, the Debtors request that (i) their cases be jointly administered so that unnecessary costs and delays can be avoided, (ii) the Court establish an appropriate caption for the jointly administered cases, (iii) all pleadings be filed in the main case of All-City Towing, LLC, and (iv) the Court grant other relief as is just.

Dated: February 1, 2026.     */s/ Evan P. Schmit*
Jerome R. Kerkman
Evan P. Schmit
Kerkman & Dunn

Contact Information:     Proposed Counsel for Debtors

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com