# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**In re:**

| | |
|---|---|
| **All-City Towing LLC,** | Case No.: 26-20523-rmb |
| **Bret's Towing LLC,** | Case No.: 26-20524-rmb |
| **ACT RE LLC,** | Case No.: 26-20525-rmb |
| **Bret's RE LLC,** | Case No.: 26-20526-rmb |
| **OMS Properties LLC,** | Case No.: 26-20527-rmb |
| **5408 S 13th LLC,** | Case No.: 26-20528-rmb |
| **5414 S 13th LLC,** | Case No.: 26-20529-rmb |
| **Daddy Jeff LLC,** | Case No.: 26-20530-rmb |
| **Mactire Services LLC,** | Case No.: 26-20531-rmb |
| **Jeffrey Piller and Candice Brecht,** | Case No.: 26-20532-rmb |
| **Debtors.** | Chapter 11 Proceedings (Motion for Joint Administration Pending) |

## APPLICATION AUTHORIZING THE DEBTORS TO RETAIN KERKMAN & DUNN AS ITS GENERAL COUNSEL

All-City Towing, LLC ("All-City"), together with Bret's Towing LLC ("Bret's Towing"), ACT RE LLC ("ATC RE"), Bret's RE LLC ("Bret's RE"), OMS Properties LLC ("OMS"), 5408 S 13th LLC ("5408"), 5414 S 13th LLC ("5414"), Daddy Jeff LLC ("Daddy Jeff"), Mactire Services LLC ("Mactire Services"), and Jeffrey Piller ("Piller") and Candice Brecht (together with Piller "Individual Debtors") (collectively, All-City, Bret's Towing, ATC RE, Bret's RE, OMS, 5408, 5414, DJ, Mactire Services, Individual Debtors, referred to as the "Debtors"), each apply for authority to retain Kerkman & Dunn ("K&D") as their general counsel in their respective chapter 11 proceedings pursuant to §§ 327(a) and 1107(a) of the Bankruptcy Code.[1] In support of this

---

[1] This application has been filed in each of the cases. At the time this application was filed, the debtors' motion for joint administration has not been granted. The caption showing all related debtors is being used to alert parties-in-interest that the identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion

application, the Debtors state as follows:

## Jurisdiction

1. The Debtors each filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 1, 2026. Orders for relief were entered on the same day. The Debtors continue to operate their businesses as debtors-in-possession. No trustee or examiner has been appointed.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1344(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

3. This matter is a core proceeding under 28 U.S.C. § 157(b)(1). It concerns the administration of the Debtors' estates pursuant to 28 U.S.C. § 157(b)(2)(A).

## Relief Requested

4. The Debtors each request authorization to retain K&D to act as their general counsel in the chapter 11 proceedings.

## Factual Basis for the Relief Requested

5. The Debtors selected K&D because it has considerable experience in representing chapter 11 debtors and is well-qualified to represent the Debtors in these proceedings.

6. The Debtors recently decided chapter 11 offered the best method of restructuring their debts and have requested K&D to act as their respective general chapter 11 counsel. K&D has advised the Debtors with respect to aspects of restructuring and the preparation of the cases in a short timeframe, and has had multiple virtual and telephonic meetings with the principal of the Debtors, Jeff Piller, to discuss the structure of these proceedings, the liabilities, and potential outcomes of the bankruptcy proceedings.

**Services to be Provided**

7. In rendering its professional services to the Debtors, K&D will, among other things:

(a) advise and assist the Debtors with respect to their duties and powers under the Bankruptcy Code;

(b) advise the Debtors on the conduct of its chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

(c) attend meetings and negotiate with representatives of the creditors and other parties in interest;

(d) prosecute actions on behalf of the Debtors, defend actions commenced against the Debtors, and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(e) prepare pleadings in connection with the Debtors' chapter 11 cases including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(f) advise the Debtors in connection with any potential sale of assets;

(g) appear before the Court to represent the interests of the Debtors' estates;

(h) assist the Debtors in preparing, negotiating and implementing a plan, and advising with respect to any rejection of a plan and reformulation of a plan, if necessary;

(i) assist and advise the Debtors in state court actions related to judgments and collection actions initiated by or against the Debtors that are necessary for an effective reorganization; and

(j) perform all other necessary or appropriate legal services for the Debtors in

connection with the prosecution of their chapter 11 cases, including (i) analyzing the Debtors' leases and contracts, and the assumption and assignment or rejection of them, (ii) analyzing the validity of liens against the Debtors, and (iii) advising the Debtors on transactional and litigation matters.

**Professional Compensation**

8. The Debtors desire to employ K&D under a general retainer because of the extensive services required. The Debtors understand that K&D will charge for its legal services at the following rates for attorneys and paraprofessionals who provide services to the Debtors in connection with the chapter 11 proceedings:

| | |
|---|---|
| Jerome R. Kerkman | $625 per hour |
| Evan P. Schmit | $525 per hour |
| Nicholas W. Kerkman | $350 per hour |
| Tyler Jones | $315 per hour |
| Non-Attorney Paraprofessionals | $125 per hour |

9. It is K&D's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with a client's case that would not have been incurred except for representation of that client. It is also K&D's policy to charge its clients only the amount actually incurred by K&D in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses (including meals), court reporter services, computer-assisted legal research, photocopying, conference calls, airfare, meals, and lodging.

10. K&D currently charges $.20 per page for standard duplication in its offices. For large projects, K&D uses a commercial copy service and has it directly billed to and paid by the client.

11. Pursuant to Bankruptcy Rule 2016(b), K&D has not shared, nor agreed to share, (a)

4

any compensation that it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with K&D, or (b) any compensation another person or party has received or may receive.

### K&D's Disinterestedness

12. To the best of the Debtors' knowledge, (a) K&D is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code as required by § 327(a), and does not hold or represent an interest adverse to the Debtors' estates; and (b) K&D has no connection to the Debtors, their creditors, or related parties except as may be disclosed in declaration of disinterestedness that is being filed with this application.

13. For the reasons stated above, the Debtors submit that they have satisfied the requirements of § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 to support authorization for the Debtors to employ and retain K&D in their chapter 11 cases. Moreover, the Debtors believe that the employment of K&D to represent the Debtors in their chapter 11 proceedings is in the best interests of the Debtors and the creditors of the Debtors' bankruptcy estates.

### Conclusion

Wherefore, each of the Debtors request that the Court authorize the Debtors to employ K&D, under a general retainer, to represent the Debtors in their chapter 11 proceedings and that the Court grant such other relief as it deems equitable and appropriate under the circumstances.

Dated: February 3, 2026.

/s/ Jeffrey Piller
Jefrey J. Piller, Personally and as
Authorized Representatives for Other Debtors

Dated: February 3, 2026.

                                                                          */s/ Candice Brecht*
                                                                          Candice Brecht, Personally

Drafted by:

Evan P. Schmit
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3722
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com